IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRIAN WATTS | § | |
| | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 4:16-cv-332 |
| | § | |
| ASI LLOYDS AND AARON REAGAN | § | |
| | § | |
| | § | |

## NOTICE OF REMOVAL

Defendant ASI Lloyds ("ASI") through undersigned counsel and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of the captioned action *Brian Watts v. ASI Lloyds and Aaron Reagan*, Cause No. 2016-03056, in the 11th Judicial District Court of Harris County, Texas. In support of this Notice of Removal, ASI respectfully represents the following:

1. Brian Watts ("Plaintiff") commenced the captioned insurance bad faith action on January 18, 2016, by filing Plaintiff's Original Petition (the "Petition") in the 11th Judicial District Court of Harris County, Texas. ASI was served on January 25, 2016.

2. Copies of all process, pleadings, orders, and the docket sheet in the state court action are filed herewith. [*See* Index of Matters Being Filed, (a) Plaintiff's Original Petition; (b) Civil Case Information Sheet; (c) Civil Process Request filed 1/18/16; (d) Citation for ASI Lloyds; (e) Citation for Aaron Reagan; (f) Certified mail receipts; (g) Proof of Service on ASI Lloyds on January 25, 2016; and (h) Docket Sheet].

3. The Petition avers that Plaintiff is a resident of Harris County, Texas.[1] The

---

[1] Petition, ¶ 1.

Petition alleges that ASI is "an insurance company doing business in the State of Texas" but fails to allege a state of incorporation or principal place of business.[2] Defendant, ASI Lloyds was, and at the date of this Notice remains, an unincorporated association of 10 underwriters. For diversity purposes, the citizenship of an unincorporated association is determined by the citizenship of each member of the entity.[3] The members of ASI Lloyds are the underwriters alone.[4] The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, John F. Auer, Jr., Edwin L. Cortez, Mary F. Fournet, Philip L. Brubaker, Pat McCrink, Jeff Hannon, and Angel Conlin. Each of these underwriters is a citizen of the State of Florida and resides outside the state of Texas as of the commencement of this lawsuit and its subsequent removal. Because each of the underwriters is a citizen of a state other than Texas, ASI Lloyds is not a Texas citizen.[5]

4.  The Petition alleges that Aaron Reagan ("Reagan") is an individual resident of the State of Texas.[6] However, Reagan's citizenship should be disregarded because Plaintiff fraudulently joined him as a party for the sole purpose of defeating diversity of citizenship in this case.

5.  The Petition alleges that Plaintiff owns property located in Harris County, Texas insured under an Insurance Policy issued by ASI.[7] The Petition alleges that Plaintiff suffered

---

[2] Petition, ¶ 2.
[3] *Carden v. Arkoma Assocs.*, 494 U.S. 185, 195-96, 110 S.Ct. 1015, 1021 (1990).
[4] *Royal Ins. Co. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882 (5th Cir. 1993); *Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998) ("In this case, therefore, the citizenship of State Farm Lloyds must be determined solely by the citizenship of its members, or underwriters.")
[5] *Massey v. State Farm Lloyd's*, 993 F.Supp. 568, 570 (S.D. Tex. 1998) ("Because no member of State Farm Lloyd's is a Texas resident, complete diversity exists between the parties to this action, and this Court has federal diversity jurisdiction under 28 U.S.C. § 1332."); *Rappaport v. State Farm Lloyd's*, 1998 WL 249211 (N.D. Tex. 1998) ("Because the Court finds that State Farm Lloyd's is an unincorporated association whose members are completely diverse with Plaintiff, Plaintiff's Motion to Remand is DENIED.").
[6] Petition, ¶ 3.
[7] Petition, ¶ 8.

damages as a result of a storm at the residence on or about April 19, 2015.[8]  The Petition further alleges Plaintiff submitted a claim for the damage, at which point ASI allegedly denied and/or underpaid Plaintiff's claim for damages to the Property.[9]

6.    ASI does not admit the underlying facts as alleged by Plaintiff or as summarized above.  Further, ASI expressly denies that it has any liability to Plaintiff.

7.    This Notice of Removal is filed within 30 days of service of the Petition and is therefore timely under 28 U.S.C. Section 1446(b).

8.    Consent to this removal by Reagan is unnecessary as the he was improperly joined.

## REAGAN IS IMPROPERLY JOINED

9.    Fraudulent joinder is determined based on an analysis of the causes of action alleged in the petition at the time of removal.[10]  If no viable claims exist against the non-diverse defendant, its presence must be disregarded for jurisdictional purposes.[11]  The fraudulent joinder doctrine applies when there is (1) actual fraud in the plaintiff's pleading of the jurisdictional facts, or (2) when the plaintiff has no possibility of establishing a cause of action against a non-diverse defendant in state court.[12]

10.    Based on the facts alleged, Plaintiff has no possibility of establishing a cause of action against Reagan.  Consequently, Reagan has been improperly joined in this case to defeat diversity jurisdiction.

11.    Plaintiff named Reagan as a defendant, but does not make any specific factual

---

[8] Petition, ¶ 9.
[9] Petition, ¶ 9-10.
[10] *See Tedder v. F.M.C. Corp.*, 590 F.2d 115, 117 (5th Cir. 1979).
[11] *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999); *French v. State Farm Ins. Co.*, 156 F.R.D. 159, 162 (S.D. Tex. 1994).
[12] *Id.* (citations omitted).

3

allegations of wrongdoing against him. This is reminiscent of the petition in *Griggs v. State Farm Lloyds*.[13] In *Griggs*, the plaintiff named its insurance agent as a defendant, but failed to allege any actionable facts specific to him.[14]

12. Plaintiff's pleading tracks the language of a number of the enumerated acts and practices that could constitute violations under the Texas Insurance Code. Specifically, Plaintiff alleges that Reagan violated the Texas Insurance Code by (1) misrepresenting one or more material facts and/or policy provisions relating to coverage; (2) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim with respect to which liability has become reasonably clear; (3) failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of a claim under one portion of a policy with respect to which liability has become reasonably clear in order to influence Plaintiff to settle its claim with respect to another portion of the policy; (4) failing to provide a reasonable explanation of the basis in law or fact for the denial of Plaintiff's claims; (5) refusing to affirm or deny coverage within a reasonable time; (6) refusing to conduct a reasonable investigation; (7) ignoring damage known to be covered; and (8) conducting an outcome-oriented investigation.[15] These "allegations" are simply legal conclusions. Plaintiff does not plead any specific acts by Reagan that support any of the allegations. And conclusory allegations alone are insufficient to preclude removal due to fraudulent joinder.[16] This Court should, thus, follow the precedent established in *Griggs* and find that Lemond was improperly joined for purposes of diversity jurisdiction.

---

[13] 181 F.3d 694 (5th Cir. 1999).
[14] *Id.* at 699.
[15] Petition, at p. 8.
[16] *Hornbuckle v. State Farm Lloyds*, 385 F.3d 538, 542 (5th Cir. 2004).

## DIVERSITY JURISDICTION

13. This Court has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), and this matter is, therefore, removable to this Court pursuant to 28 U.S.C. § 1441 (a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000 exclusive of interest and costs. Plaintiff is a Texas resident. ASI is a citizen of Florida.[17] As discussed, while Reagan is a resident of the State of Texas, his citizenship is irrelevant for diversity purposes because he was fraudulently joined. Consequently, there is complete diversity of citizenship.

14. The amount in controversy exceeds the jurisdictional minimum of $75,000 set by 28 U.S.C. § 1332 (a). In the Petition, Plaintiff alleges that it seeks "monetary relief over $100,000 but not more than $200,000."[18] Plaintiff also seeks additional and consequential damages, interest, exemplary damages, and attorneys' fees.[19] Attorneys' fees and penalties may be included as part of the amount in controversy for jurisdictional purposes.[20]

15. Further, plaintiffs in Texas are not limited to the recovery of damages requested in their pleadings. "Litigants who want to prevent removal must file a binding stipulation or affidavit with their complaints…."[21] "The general principal is that Plaintiff will have to show that they are bound irrevocably by their state pleadings."[22]

16. No binding stipulation or affidavit was filed with Plaintiff's Petition.

## REMOVAL PROCEDURE

17. The clerk of the 11th Judicial District Court of Harris County, Texas has been

---

[17] *Getty Oil Corp. v. Insurance Co. Of North America*, 841 F.2d 1254, 1262 (5th Cir. 1988).
[18] Petition, ¶5.
[19] Petition, ¶¶ 24-27 .
[20] *See H&D Tire & Automotive-Hardware, Inc. v. Pitney Bowes, Inc.*, 227 F.3d 326 (5th Cir. 2000).
[21] *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir. 1995) (quoting *In re Shell Oil Co.*, 970 F.2d 355, 356 (7th Cir. 1992)).
[22] *Id.* at 1412, n. 10.

provided notice of this removal.

18. The following exhibits are attached hereto and incorporated herein by reference:

    a. Index of matters being filed;

    b. List of all parties and counsel of record;

    c. Copy of all pleadings, process, and orders served upon defendants; and

    d. Notice of Removal to State Court

WHEREFORE, ASI hereby provides notice that this action is duly removed.

Respectfully submitted,

*/s/ LaDonna G. Schexnyder*
LaDonna G. Schexnyder
Texas Bar No. 24072938
  Federal ID No. 1096795
lschexnyder@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
9311 Bluebonnet Blvd., Suite A
Baton Rouge, LA  70810
Telephone:  (504) 568-1990
Facsimile:  (504) 310-9195

ATTORNEY-IN-CHARGE FOR DEFENDANT,
ASI LLOYDS

OF COUNSEL:
Kelli Gunter
Texas Bar No. 24059872
Federal ID No. 31001
kgunter@lawla.com
LUGENBUHL, WHEATON, PECK, RANKIN & HUBBARD
815 Walker Street, Suite 1447
Houston, Texas 77002
Telephone:  (713) 222-1990
Facsimile:  (713) 222-1996

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 8th day of February, 2016, a copy of the foregoing has been served upon all counsel of record in this action by ECF Filing and/or facsimile to:

Mr. Richard D. Daly
Ms. Ana M. Ene
Daly & Black, P.C.
221 Norfolk St., Suite 800
Houston, TX  77098

                                        */s/ LaDonna G. Schexnyder*
                                        LaDonna G. Schexnyder